**SEEGER WEISS LLP**
Jonathan Shub (SBN 237708)
1515 Market St, Suite 1380
Philadelphia, PA 19102
Telephone: (215) 564-2300
Facsimile: (215) 851-8029
jshub@seegerweiss.com

**-and-**

**COMPLEX LITIGATION GROUP LLC**
*(Pro Hac Vice Forthcoming)*
Jamie Weiss
Jeffrey A. Leon
513 Central Avenue, Suite 300
Highland Park, Illinois 60035
Telephone: (847) 433-4500
Facsimile: (847) 433-2500
jamie@complexlitgroup.com

Attorneys for Plaintiffs and the Proposed Class

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PERLONGO and ERIC P. FRANK, individually on behalf of themselves and all others similarly situated,<br><br>                    Plaintiffs,<br><br>          v.<br><br>ELECTROLUX HOME PRODUCTS, INC.,<br><br>                    Defendant. | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

**CLASS ACTION COMPLAINT**

1  Plaintiffs Anthony Perlongo and Eric P. Frank, individually and on behalf of the Class

2  defined below, by and through their undersigned counsel, make the following allegations based

3  upon information and belief, except as to allegations specifically pertaining to Plaintiffs and their

4  counsel, which are based on personal knowledge.  Plaintiffs bring this action for damages,

5  restitution and injunctive relief against Defendant, demanding a trial by jury.

6  **NATURE OF THE ACTION**

7  1.  This is a proposed class action brought by Plaintiffs on behalf of themselves and

8  other Class members against Electrolux Home Products, Inc. ("Electrolux" or "Defendant") to

9  obtain relief, including damages, restitution and injunctive relief.  This action is brought to

10  remedy violations of law in connection with Electrolux's design, manufacture, marketing,

11  advertising, selling, warranting, and servicing of its Electrolux French Door and Side-by-Side

12  model refrigerators (the "Refrigerators"), including but not limited to EI23BC561B,

13  EI27BS26JS4, EI28BS56IS, EW28BS71IS, EI23BC56IS, EW23BC71IS, and E23BC78IPS.

14  2.  Plaintiffs and the members of the proposed Class are or were owners of

15  Electrolux Refrigerators.  Unbeknownst to Plaintiffs and the Class, Electrolux Refrigerators with

16  ice makers contain an inherent defect ("the Defect") that causes the ice maker to fail to produce

17  ice and makes the Refrigerators prone to leaking ("the Problems"), resulting in damage to the

18  Refrigerator and surrounding property such as the flooring, ceiling, and walls of Plaintiffs and

19  the Class's structures where the Refrigerators are or were located.

20  3.  Electrolux's acts and omissions in connection with its design, manufacture,

21  marketing, advertising, selling, warranting, and servicing of these defective Refrigerators violate

22  California's unfair competition and false advertising laws, and also constitute breaches of

23  implied and express warranties, and breach of the implied covenant of good faith and fair

24  dealing.

25  **THE PARTIES**

26  **Plaintiffs**

27  1.  Plaintiff Anthony Perlongo is a California citizen residing at 116 Turnberry Road,

28  Half Moon Bay, California 94019.

— 2 —

**CLASS ACTION COMPLAINT**

2.      Plaintiff Eric P. Frank is a California citizen residing at 904 De Soto Court, Walnut Creek, California 94598.

**Defendant**

3.      Plaintiffs are informed and believe and thereon allege that Defendant Electrolux is a Delaware corporation doing business in the State of California.  Electrolux's corporate headquarters are located at 10200 David Taylor Drive, Charlotte, North Carolina 28262.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction over the claims asserted herein individually and on behalf of the class pursuant to 28 U.S.C. § 1332, as amended in February 2005 by the Class Action Fairness Act.  Subject matter jurisdiction is proper because: (1) the amount in controversy in this proposed Class action exceeds five million dollars, exclusive of interest and costs; and (2) all of the members of the proposed Class, including Plaintiffs, are citizens of a state different from that of Defendant Electrolux.  Personal jurisdiction is proper as Electrolux has purposefully availed itself of the privilege of conducting business activities within the State of California.

5.      Venue is proper in this District pursuant to 28 U.S.C. § 1391, as a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of California.  At all pertinent times, Electrolux was and is in the business of marketing, advertising, distributing, and selling products, including the Refrigerators, throughout California and this judicial district, and nationwide, by and through various authorized dealers.  The Refrigerators that form the basis of this complaint were purchased from Electrolux and/or from Electrolux's authorized dealers and placed in the stream of commerce by Electrolux.

## FACTUAL BACKGROUND

**Facts Common to All Members of The Class**

6.      Electrolux is "a global leader in household appliances…selling more than 40 million products to customers in more than 150 markets every year."  Electrolux prides itself on being a company that "focuses on innovations that are thoughtfully designed, based on extensive consumer insight, to meet the real needs of consumers and professionals."  Electrolux is known

**CLASS ACTION COMPLAINT**

1  for its high-end consumer products, particularly its household appliances.

2        7.     Among its many household appliances, Electrolux sells refrigerators to

3  consumers.  Electrolux claims these refrigerators to be "elegant and functional" and "ideal for

4  both everyday living and easy entertaining."  Each of the Refrigerators subject to this lawsuit has

5  a "Fast Ice" option, which, according to Electrolux's advertising, means that the Refrigerator

6  "makes ice up to 50% faster."  Electrolux refrigerators come in various styles: French door with

7  the freezer on the bottom, side-by-side, and a full refrigerator.  The Refrigerators are sold at

8  major retail stores, including but not limited to Sears, Best Buy, and Lowe's, at prices ranging

9  from $1,900 to over $4,000.

10        8.     Electrolux provided Plaintiffs and each purchaser of the Refrigerators with an

11  express one-year factory warranty as follows:

12          Your appliance is covered by a one year limited warranty.  For one year from
   your original date of purchase, Electrolux will repair or replace any parts of this
13  appliance that prove to be defective in materials or workmanship when such
   appliance is installed, used, and maintained in accordance with the provided
14  instructions.  In addition, the cabinet liner and sealed refrigeration system
   (compressor, condenser, evaporator, dryer or tubing) of your appliance is covered
15  by a two through five year limited warranty.  During the 2nd through 5th years
   from your original date of purchase, Electrolux will repair or replace any parts in
16  the cabinet liner and sealed refrigeration system which prove to be defective in
17  materials or workmanship when such appliance is installed, used, and maintained
   in accordance with the provided instructions.
18

19  Electrolux has these same warranty obligations with respect to Plaintiffs and all Class

20  members but has failed to satisfy these obligations.

21        9.     In conjunction with each Refrigerator sale, Electrolux warranted that the

22  Refrigerator was of merchantable quality fit for the ordinary purpose for which such goods were

23  used and was free from defects, or at a minimum would produce ice and not leak.

24        10.    Plaintiffs and members of the Class purchased the Refrigerators in part because

25  the Refrigerators had ice makers.

26        11.    Despite Electrolux's express representations about the quality and usefulness of

27  its Refrigerators, the Refrigerators are *not* "ideal for everyday living" or "functional" and they do

28  *not* "make ice up to 50% faster."  In fact, the Refrigerators contain defective ice makers that fail

**CLASS ACTION COMPLAINT**

1   to produce ice and leak water, damaging other parts of the Refrigerator and the surrounding

2   floors, walls, ceilings, structures, and substructures. The Defect is believed to exist in all

3   Electrolux Refrigerators subject to this suit.

4          12.    The Refrigerators fail to perform as advertised, as their ice makers typically

5   ceased making ice and began leaking water in and around the Refrigerator merely months after

6   purchase.  The Defect manifests within and/or shortly after the first year of purchase and

7   prevents the Refrigerators from being used as intended and as advertised by Defendant.

8          13.    Electrolux knew, or should have known, that the Refrigerators contained the

9   Defect and that there was a substantial risk that those Refrigerators would develop leaks or fail to

10  make ice, and that (a) the Defect might not exhibit itself until after the warranty period expired,

11  and that (b) if the latent Defect did not exhibit itself until after the warranty expired, Electrolux

12  was not committing to repair or replace it.

13         14.    Electrolux further failed to adequately design, manufacture, and/or test the

14  Refrigerators to ensure they were free from defects.

15         15.    Nevertheless, Electrolux withheld this information from Plaintiffs and the Class.

16  Electrolux made uniform and material misrepresentations and uniformly omitted material

17  information in its marketing, advertising, and sale of the Refrigerators that Electrolux knew were

18  defective both at the time of sale and to date.  Electrolux failed to disclose that risk and thereby

19  deprived consumers of the opportunity to negotiate additional warranty coverage, negotiate a

20  lower price to reflect the risk or simply avoid the risk altogether by purchasing a different

21  manufacturer's refrigerator.  Thereafter, the undisclosed risk occurred – Plaintiffs' Refrigerators

22  have failed to make ice and have leaked – and Plaintiffs and the Class have been damaged in the

23  amount it will cost, or they paid, to repair or replace the Refrigerators and to repair damage to the

24  surrounding structures/substructures.

25         16.    Electrolux had exclusive knowledge that the Refrigerators have a Defect causing

26  the Refrigerators to not make ice and to leak.  Electrolux's exclusive knowledge of these material

27  facts gave rise to a duty to disclose such facts, which it failed to perform.

28         17.    The Defect rendered the Refrigerators unfit for the ordinary purpose for which the

1    Refrigerators were and are sold to Plaintiffs and the other Class members.

2        18.    Electrolux Refrigerators have caused widespread disappointment and frustration

3    from consumers around the country, as evidenced by the numerous online postings regarding the

4    Defect.  Typical comments on these websites include:

5
- "We purchased an Electrolux refrigerator in 2008. Thirteen months later, the ice maker

6      broke and could not be repaired. We were told that the warranty was over and that they
       would pay 1/2 toward a new refrigerator. Since we weren't about to shell out $1,500.00,

7      we complained to the Electrolux rep and he ended up getting us a new refrigerator.
       However, we have had seven service calls on that appliance in two years! First of all, the

8      doors weren't aligned, then there was a leak in the back of the unit because it was never
       sealed at the factory. A new ice maker was installed, then all ice compartment gaskets

9      and housing were replaced, the freezer gasket was replaced, etc. Because of all of the
       problems, the company did give us a one year extended warranty." Carol of Columbus

10     Ohio, Nov. 1, 2012, http://www.consumeraffairs.com/homeowners/electrolux.html

11
- "We have had our French door/freezer on the bottom refrigerator since January 2011. We

12     started having issues with the ice maker. It stopped producing ice. We called the repair
       man. He came out, replaced a board and said that they were having issues with this

13     particular fridge. Then, it still was not working. So he came out a third time and it still
       was not producing ice. He replaced valves. Now, we are noticing cracks developing in

14     the ceiling near the back over the light. The plastic appears to be melting and opening up!

15     …" karen of South Lyon, MI, April 13, 2012,
       http://www.consumeraffairs.com/homeowners/electrolux.html

16
- "The product is the french door refrigerator. The ice maker does not work after doing the

17     quick fix reported on the net. I shut down the ice maker and turn it back on for a good

18     year. There are so many reports on this. In addition to it not working, the ice maker leaks
       and makes a puddle by the water dispenser. Everyone complains about the ice maker.

19     This being the case, it is probably a bad engineering design. You would think the
       company would be ethical and back the product and do a recall and fix the problem but

20     no recalls! There should be. …" Karen of Stafford, VA, March 4, 2012,

21     http://www.consumeraffairs.com/homeowners/electrolux.html

22
- "I will never buy Electrolux again. After spending a great deal of money on a full kitchen
       a year and a half ago: double oven, refrigerator, microwave and dishwasher, only one of

23     the appliances has not had problems. The refrigerator has been fixed three times and just

24     today, it once again is leaking water inside. Even after three issues, all we get is a third
       party to come fix the same problem over again, which in itself is time consuming and

25     frustrating. I would have expected Electrolux to step up and address the issue with good
       customer service and the offer to replace the refrigerator. Instead, we get the runaround."

26     Darla of Omaha, NE, Oct. 1, 2011,
       http://www.consumeraffairs.com/homeowners/electrolux.html

27

28

**CLASS ACTION COMPLAINT**

- "I purchased an Electrolux Cafe counter depth refrigerator in July 2009 from Lowe's in MA. Since the day it was delivered, it has presented significant functional flaws. The primary problems center around the ice maker which fails to produce ice in the volume suggested by the Use & Care Guide. Along with that, the ice maker has seen numerous replacements due to its total failure. Additionally, the ice/water drips frequently, ice shoots onto the floor presenting a safety issue, the left door gasket has shredded three times and been replaced, ice forms on the right rear vegetable crisper, and the thin coat of fake stainless paint on the interior of the ice/water dispenser is eroding. … My initial calls to Electrolux resulted in denial of any knowledge of these problems and I was directed to contact one of their authorized repair places for service. Given the product's repeated failure to live up to expectations and recognizing the need for future repairs, I purchased an extended service contract to mitigate further costly repairs and to protect my financial investment in a refrigerator. At this price point, it should be one of quality, not the junk that it is in reality. I resent having to spend this additional money for Electrolux's inability to stand behind its product."  Dorothy of Norton, MA, Jan. 13, 2011, http://www.consumeraffairs.com/homeowners/electrolux.html

19. Consumers reasonably expect that refrigerators that come with an ice maker will produce ice and will not leak due to defective design and manufacturing processes, and consumers had no expectation that Electrolux's Refrigerators would be defective. In purchasing the Refrigerators, Plaintiffs and other Class members expected the Refrigerators to operate in accordance with all of their intended purposes, such as the production of ice, and to not require extensive repairs.

20. Prior to Plaintiffs' purchases, Electrolux was aware, or but for its negligence or reckless indifference should have been aware, that its Refrigerators contained a defect that caused leakage and prevented the machine from producing ice.

21. Electrolux knew, or but for its negligence or reckless indifference would have known, that it was receiving and was going to continue to receive reports of the ice maker Problems with the Refrigerators.  Based on its experience with the Defect, Electrolux also knew, or should have known, that for the indefinite future: (a) the risk of the Defect was substantial, (b) Electrolux's customers were unaware of that substantial risk of the ice maker Problems, and (c) consumers had a reasonable expectation that Electrolux would disclose that risk and cure the Defect, even if the Defect did not exhibit itself until after the warranty period had expired.

22. When Plaintiffs and the Class contacted Electrolux and/or their certified retailers, Electrolux sent repairmen to attempt to repair the Defect.  However, the attempted repairs did not

1  resolve the Defect, and the Refrigerators continue to experience ice maker Problems.

2     23.     Despite having repeated notice of the above-described Defects in its Refrigerators

3  and despite the reasonable expectations of consumers created by Electrolux's marketing of its

4  Refrigerators, Electrolux has engaged in the following routine, wrongful course of conduct

5  where Electrolux:

6     a.   Designed, manufactured, and sold Refrigerators with Defects causing the machines to

7          not make ice and to leak;

8     b.   Failed to disclose that the Refrigerators had Defects that cause the machines to not

9          make ice and to leak;

10    c.   Continued to represent expressly or by implication that the Refrigerators that

11         Plaintiffs and Class members purchased were dependable, had Quick Ice features, and

12         would provide outstanding performance, when it knew that these statements were

13         false;

14    d.   Continued to manufacture, market, advertise, distribute, and sell the Refrigerators to

15         consumers when it knew or should have known the Refrigerators were not

16         dependable and would not withstand normal operation;

17    e.   Failed to disclose to consumers the substantial risk of failures of, and the material

18         Defects in, the Refrigerators;

19    f.   Failed to disclose the nature of the Defect to consumers;

20    g.   Failed to disclose the many complaints it received from consumers (or the high

21         incidence of attempted but futile repairs of the Refrigerators);

22    h.   Failed to implement a recall to adequately announce, remedy, and correct the Defects

23         for consumers;

24    i.   Failed to disclose to consumers that Electrolux was not committed to making

25         effective repairs under its warranties to address the Defects; and

26    j.   Failed to take action to correct its omissions or false or misleading express

27         representations about the use, qualities, and benefits of its Refrigerators.

28     24.     By engaging in the foregoing course of conduct, Electrolux has caused consumers

**CLASS ACTION COMPLAINT**

– including Plaintiffs and the members of the Class – to be aggrieved and suffer ascertainable losses, in that, among other things, Electrolux's course of conduct systemically:

    a.  Caused Plaintiffs and Class members to pay premium prices for a defective product;

    b.  Reduced the value of the Refrigerators purchased by Plaintiffs and the Class;

    c.  Caused reasonable consumers like Plaintiffs and Class members to spend money for attempted repairs and other purported remedies of the Defects in the Refrigerators, and to the surrounding structures/substructures, that they would not have spent but for Electrolux's common course of conduct.

25.    Plaintiffs and other Class members experienced, and continue to experience, problems with their Refrigerators even though they followed the instructions and recommendations by Electrolux in its manuals and elsewhere.

26.    Any limitations on remedies contained in Electrolux's express warranties fail of their essential purpose and are unenforceable with respect to the Defects at issue here.  When Electrolux is notified of the Defects, it fails to provide any repairs, replacement of parts, or any other remedy that adequately addresses the Defects.

**Plaintiffs' Experience with Their Refrigerators**

27.    Plaintiff Perlongo ("Perlongo") purchased an Electrolux French Door Refrigerator, Model Number: EW23BC71IS on September 5, 2009 at Pacific Sales in Redwood City, California.  Within approximately five months of purchase, Perlongo's refrigerator stopped making ice and began leaking on the interior and exterior of the refrigerator.  Perlongo had to continuously clean up the water once it leaked onto his floor.

28.    At the time his refrigerator first stopped making ice, Perlongo notified Electrolux, who sent a third-party repair service to his home approximately five to six times under warranty to fix the broken ice maker.  After each repair, the ice maker would work temporarily and then fail.  Frustrated and exhausted, Perlongo contacted Electrolux in approximately September 2010. Electrolux told Perlongo that his warranty was about to expire, so Electrolux offered Perlongo an extended one year warranty for $183.00, which he purchased.  Electrolux also agreed to send Perlongo a new French Door Refrigerator, Model Number: EW23BC71IS on October 27, 2010

**CLASS ACTION COMPLAINT**

at no expense. After only four to six weeks after installation, Perlongo's new refrigerator stopped making ice. Perlongo attempted to contact Electrolux, however Electrolux did not respond to his inquiries. As of the date of this filing, Perlongo's ice maker is not making ice. To avoid leaking and further damage to his floor, Perlongo has decided to shut off the ice maker. Plaintiff Perlongo refuses to pay any more money to get the ice maker repaired.

29. Plaintiff Frank ("Frank") purchased an Electrolux French Door Refrigerator, Model Number: EI23BC56IS in November 2011 at Standards of Excellence in Concord, California. Within six months of purchase, Frank's Refrigerator stopped making ice. Frank notified Electrolux, who suggested that he contact a third-party repair service to fix the broken ice maker.

30. Frank contacted a third-party repair service, Cominco, in April 2012. Cominco sent Kevin Goodrich to Frank's home to attempt to fix the broken ice maker, which was still under warranty. After the first repair, Frank's ice maker stopped making ice again and began leaking water onto his floor in July 2012. At that time, Mr. Goodrich went back out to Frank's home to attempt to fix the broken ice maker. Frank had to pay approximately $200 for this service visit. After the second repair, Frank's ice maker stopped making ice again in April 2013. At that time, Mr. Goodrich went back out to Frank's home for a third service call. Frank had to pay approximately $200 for this service visit. Frustrated, Frank called Cominco in May 2013. Cominco refused to comment or answer any of Frank's questions. As of the date of this filing, Frank's ice maker is not making ice. To avoid leaking and further damage to his floor, Frank has decided to shut off the ice maker. Plaintiff Frank refuses to pay any more money to get the ice maker repaired.

## CLASS ACTION ALLEGATIONS

31. The Class that Plaintiffs seek to represent is defined as follows:

> All persons who purchased a Refrigerator in the state of California for primarily personal, family or household purposes as defined by California Civil Code 1791(a).

Excluded from the Class are governmental entities, Defendant, any entity in which Defendant has a controlling interest, and Defendant's officers, directors, affiliates, legal representatives,

employees, co-conspirators, successors, subsidiaries, and assigns.  Also excluded from the Class is any judge, justice, or judicial officer presiding over this matter and the members of their immediate families and judicial staff.

32.     Plaintiffs reserve the right to modify the Class definition based on the results of discovery.

33.     Plaintiffs and the Class bring this action for damages, and equitable and injunctive relief pursuant to subdivisions (b)(1), (b)(2) and (b)(3) of Rule 23 of the Federal Rules of Civil Procedure.

34.     <u>Numerosity</u>:  The proposed Class is so numerous that individual joinder of all its members is impracticable.  The total number of Class members is at least in the hundreds and members of the Class are geographically dispersed across California.  While the exact number and identities of the Class members are unknown at this time, such information can be ascertained through appropriate investigation and discovery.  The disposition of the claims of the Class members in a single class action will provide substantial benefits to all parties and to the Court.

35.     <u>Common Questions of Law and Fact Predominate</u>:  There are questions of law and fact common to the representative Plaintiffs and the Class, and those questions substantially predominate over any questions that may affect individual Class members.  Common questions of fact and law include, but are not limited to, the following:

a.   Whether the Refrigerators are materially defective, and what are the defects;

b.   Whether Electrolux knew that the Refrigerators were and are materially defective;

c.   Whether Electrolux Refrigerators were defectively designed and manufactured;

d.   Whether Electrolux omitted and concealed material facts from its communications and disclosures to Plaintiffs and the Class regarding the Defects in the Refrigerators;

e.   Whether Electrolux's conduct constitutes unlawful, unfair and/or fraudulent conduct as defined under  California's Unfair Competition Law (UCL) (Cal. Bus. & Prof. Code §17200, *et seq.*);

f.   Whether Electrolux's advertising for the Refrigerators violates California's

**CLASS ACTION COMPLAINT**

False Advertising Law (FAL) (Cal. Bus. & Prof. Code § 17500, *et seq.*);

g.  Whether Electrolux engaged in illegal business practices by failing to recall or effectively repair the Refrigerators without charging Plaintiffs and the Class;

h.  Whether Electrolux breached its express warranty and/or extended warranties and/or implied warranties;

i.  Whether Electrolux breached its duty of good faith and fair dealing;

j.  Whether, as a result of Electrolux's conduct, Plaintiffs and the Class have suffered damages; and if so, the appropriate amount thereof; and

k.   Whether, as a result of Electrolux's conduct, Plaintiffs and the Class are entitled to equitable relief and/or other relief, and if so, the nature of such relief.

36.  <u>Typicality</u>:  Plaintiffs' claims are typical of the claims of the members of the Class.  Plaintiffs and all members of the Class have been similarly affected by Defendant's common course of conduct.

37.  <u>Adequacy of Representation</u>:  Plaintiffs will fairly and adequately represent and protect the interests of the Class.  Plaintiffs have retained counsel with substantial experience in prosecuting complex and class action litigation.  Plaintiffs and their counsel are committed to vigorously prosecuting this action on behalf of the Class, and have the financial resources to do so.  Neither Plaintiffs nor their counsel have any interests adverse to those of the Class.

38.  <u>Superiority of a Class Action</u>:  Plaintiffs and the members of the Class suffered, and will continue to suffer, harm as a result of Defendant's unlawful and wrongful conduct.  A class action is superior to other available methods for the fair and efficient adjudication of the present controversy.   Individual joinder of all members of the class is impractical.  While the aggregate damages sustained by the Class are likely in the millions of dollars, the individual damages incurred by each Class member are too small to warrant the expense of individual suits.  Even if individual Class members had the resources to pursue individual litigation, it would be unduly burdensome to the courts in which the individual litigation would proceed.  Individual litigation magnifies the delay and expense to all parties in the court system of resolving the

**CLASS ACTION COMPLAINT**

controversies engendered by Defendant's common course of conduct.  The class action device allows a single court to provide the benefits of unitary adjudication, judicial economy, and the fair and equitable handling of all class members' claims in a single forum. The conduct of this action as a class action conserves the resources of the parties and of the judicial system, and protects the rights of the class member. Furthermore, for many, if not most, class members, a class action is the only feasible mechanism that allows therein an opportunity for legal redress and justice.

39.     Adjudication of individual Class members' claims with respect to the Defendant would, as a practical matter, be dispositive of the interests of other members not parties to the adjudication, and could substantially impair or impede the ability of other Class members to protect their interests.

40.     Plaintiffs do not anticipate any difficulty in the management of this litigation.

41.     Electrolux has, or has access to, address information for the Class members, which may be used for the purpose of providing notice of the pendency of this action.

**FIRST CAUSE OF ACTION**

**VIOLATION OF CALIFORNIA'S UNFAIR COMPETITION LAW**

42.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

43.     Any conduct that is unlawful, unfair or deceptive constitutes a violation of the California Unfair Competition Law, Business and Professions Code §17200, *et seq*. (the "UCL").

44.     Plaintiffs have standing to pursue this claim as Plaintiffs have suffered injury in fact as a result of Electrolux's actions.  Plaintiffs and the Class paid a premium price for their Electrolux Refrigerators, expecting a high quality and functioning machine.  Nevertheless, the Refrigerators failed to produce ice and leaked, causing damages to the rest of the Refrigerator and to the surrounding structures/substructures.  Plaintiffs thus did not obtain the value of the product for which they paid.

45.     The violation of any law constitutes an unlawful business practice under California Business & Professions Code § 17200.

**CLASS ACTION COMPLAINT**

46.     As detailed more fully in the following paragraphs, the acts and practices alleged herein were intended to and did result in the sale of Refrigerators in violation of the CLRA. Defendant's conduct further constitutes breach of warranty, breach of the implied covenant of good faith and fair dealing and unjust enrichment.

47.     By violating these legal duties, Defendant has engaged in unlawful business acts and practices which constitute unfair competition within the meaning of Business & Professions Code § 17200.

48.     Electrolux actively and extensively advertises, markets and promotes the Refrigerators based on promises that the Refrigerators are high-end and contain a "Fast-Ice" feature that produces ice up to 50% faster than other Refrigerators.  Throughout the class period, Electrolux has maintained a website and published marketing materials that are the primary tools for advertising and marketing the Refrigerators.

49.     Plaintiffs and Class members each purchased an Electrolux Refrigerator.  When doing so, Plaintiffs reviewed and relied on the representations as detailed above.  Electrolux advertised that their Refrigerators were top quality and that the machines produced ice "50% faster", and Plaintiffs relied on these representations when purchasing the Refrigerators. Nevertheless, the Refrigerators developed the ice maker Problems because of the Defects and were unable to be used as intended.  In addition, the warranty repairs done by Electrolux at a cost to Plaintiffs and the Class were ineffective and merely delayed the ultimate exposure of the Defects to Plaintiffs and the Class.

50.     Electrolux omitted any information about the high likelihood of the ice maker Problems.  Plaintiffs and the Class contacted Electrolux and/or authorized dealers to request repairs.  Plaintiffs and many members of the Class purchased extended warranties to attempt to fix the ice maker Problems, but none of the repairs fixed the Defect, and the Refrigerators continued to experience ice maker Problems.

51.     Electrolux intended that Plaintiffs and the Class would rely on Electrolux's omissions and in purchasing their Refrigerators, and in purchasing extended warranties, unaware of the material facts described above.  This conduct constitutes consumer fraud, an unfair

**CLASS ACTION COMPLAINT**

business practice and violation of the UCL. Had Plaintiffs known that the Refrigerators were defective and would develop ice maker Problems, Plaintiffs would either not have purchased the Refrigerators or would have negotiated price based on this knowledge.

52.     Electrolux's failure to disclose the Refrigerators propensity to develop the ice maker Problems, along with its futile repairs of the Refrigerators, is likely to deceive the Class. Electrolux has thus committed deceptive acts or practices within the meaning of the UCL by engaging in the acts and practices alleged herein.

53.     Under California Business & Professions Code § 17200, any business act or practice that is unethical, oppressive, unscrupulous and/or substantially injurious to consumers, or that violates a legislatively declared policy, constitutes an unfair business act or practice.

54.     Electrolux's conduct adversely affects the public interest and is a proximate cause of injury and money damages to Plaintiffs and the Class in an amount to be proven at trial. Electrolux is liable to Plaintiffs and the Class for all appropriate damages allowed under the law, costs and attorneys' fees, including as private attorney generals under Cal. Code Civ. Proc. § 1021.5.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

## SECOND CAUSE OF ACTION

## VIOLATION OF CALIFORNIA'S FALSE ADVERTISING LAW

55.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

56.     California Business & Professions Code § 17500, *et seq.*, prohibits false advertising.

57.     Electrolux is a "person" as defined under Cal. Bus. & Prof. Code § 17506.

58.     Electrolux falsely advertised the performance, uses, benefits, characteristics, quality, grade and standard of the Refrigerators by omission and misrepresentation as alleged herein.

59.     Defendant's misrepresentations and omissions, as described more fully above, did deceive, and are likely to deceive Plaintiffs and the Class.

**CLASS ACTION COMPLAINT**

60. Plaintiffs relied upon these material misrepresentations and omissions to their detriment in that they would not have purchased the Refrigerators or would have paid less had they known of the Defect and the ice maker Problems that Defendant did not disclose to them.

61. The above-described false and misleading advertising conducted by Electrolux continues to this day and presents a threat to the general public in that Electrolux has not acknowledged its wrongdoing to consumers or publicly issued an appropriate conspicuous notice to existing or prospective purchasers of its Refrigerators, and has not disclosed the presence of the Defect, nor the propensity of ice maker Problems, which resulted in Plaintiffs being deceived and misled.

62. As a result of the above-described conduct, Electrolux has been, and will continue to be unjustly enriched at the expense of Plaintiffs and the Class.

63. Pursuant to Cal. Bus. & Prof. Code §§ 17203 and 17535, Plaintiffs and the Class seek an order 1) requiring Electrolux to immediately cease the unlawful, unfair, and/ or fraudulent business acts and/or practices and false and misleading advertising complained of herein; 2) enjoining Electrolux from continuing to misrepresent the Refrigerators' uses, benefits, characteristics, standard, quality and grade by omitting from its labels, advertising and communications regarding the Refrigerators that the Defect causes ice maker Problems to develop which in turn cause damage to the Refrigerators' other parts and surrounding property, and their owners to pay for futile repairs and extended warranties; and 3) requiring Defendant to repair or replace the Refrigerators so that they do not develop ice maker Problems; or provide full restitution to the Plaintiffs and Class members of all monies wrongfully acquired by means of such acts of unfair competition and false advertising, plus interest, costs, and attorneys' fees.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

### THIRD CAUSE OF ACTION

### VIOLATION OF CALIFORNIA CONSUMERS

### LEGAL REMEDIES ACT

64. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

**CLASS ACTION COMPLAINT**

65.     Plaintiffs and other Class members are consumers within the meaning of the CLRA given that Defendant's business activities involve trade or commerce, are addressed to the consumer market generally, and otherwise implicate consumer protection concerns.  Plaintiffs and other Class members have used the Refrigerators for personal, family and/or household purposes.

66.     The acts and practices of Defendant as described above were intended to deceive Plaintiffs and the Class members as described herein and have resulted and will result in damages to Plaintiffs and the Class members.  These actions violated and continue to violate the CLRA in at least the following respects:

(a)     In violation of § 1770(a)(5) of the CLRA, Defendant's acts and practices constitute representations that the Refrigerators have characteristics, uses and/or benefits which they do not have;

(b)     In violation of § 1770(a)(7) of the CLRA, Defendant's acts and practices constitute representations that the Refrigerators are of a particular quality which they are not; and

(c)     In violation of § 1770(a)(9) of the CLRA, Defendant's acts and practices constitute the advertisement of the Refrigerators in question without the intent to sell them as advertised.

67.     By reason of the foregoing, Plaintiffs and the Class members have been irreparably harmed.

68.     By committing the acts alleged above, Defendants violated the CLRA.

69.     In compliance with the provisions of California Civil Code § 1782, contemporaneous with  the filing of this complaint, Plaintiffs notified Defendant in writing of the particular violations of § 1770 of the Act and demanded Defendant to rectify the actions described above by refunding the purchase price and give notice to all affected consumers of their intent to do so.  Plaintiffs sent this notice by certified mail, return receipt requested, to Defendant's principal place of business.

70.     Should Defendant fail to adequately respond to Plaintiffs' demand to rectify the wrongful conduct described above on behalf of all Class members within thirty days after receipt

**CLASS ACTION COMPLAINT**

1    of the § 1782 notice, Plaintiffs will amend their complaint and seek actual and punitive damages

2    against Defendant for violations of the CLRA on behalf of themselves and the Class.

3        71.     Plaintiffs and Class members are entitled, pursuant to California Civil Code §§

4    1780(a)(2) and (3), to an order: (1) enjoining the above-described wrongful acts and practices;

5    and (2) requiring the repair or replacement of Plaintiffs' and the Class' Refrigerators.  Plaintiffs

6    and the Class are also entitled to the payment of costs and attorneys' fees, and any other relief

7    deemed appropriate and proper by the Court under California Civil Code § 1780(a) and (e).

8        WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

9                            **FOURTH CAUSE OF ACTION**

10                          **BREACH OF IMPLIED WARRANTY**

11       72.     Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the

12   extent necessary, plead this cause of action in the alternative.

13       73.     Plaintiffs seek to recover for the Class based on Electrolux's breach of implied

14   warranty under the Song-Beverly Consumer Warranty Act.

15       74.     Electrolux marketed and sold the Refrigerators, touting the ice makers, which it

16   placed into the stream of commerce.  Electrolux knew or had reason to know of the specific use

17   for which the Refrigerators with ice makers were purchased, and it impliedly warranted that the

18   Refrigerators were of merchantable quality and fit for such use.

19       75.     Plaintiffs and the other Class members relied on Electrolux's representations and

20   omissions as described above and relied upon Electrolux's implied warranty in purchasing the

21   Refrigerators.

22       76.     Plaintiffs' Refrigerator were of unmerchantable quality and became unfit for their

23   ordinary purpose because Electrolux's design and/or manufacturing Defects discussed above

24   render the Refrigerators incapable of producing ice and preventing water leakage.

25       77.     Plaintiffs' and other Class members' Refrigerators do not conform to the promises

26   or affirmations of fact made in advertising and marketing materials including making ice "50%

27   faster" and having a "luxury" design.

28       78.     Electrolux's waiver and/or limits on implied warranties are unconscionable,

— 18 —

**CLASS ACTION COMPLAINT**

unenforceable, and/or illegal. Plaintiffs had no meaningful choice in determining those time limitations; the warranties were written by Defendant without input from Plaintiffs; the Warranty overwhelmingly favors Defendant by unreasonably limiting the warranty to 1 year on a product that could reasonably be expected to last 10 or more years; a gross disparity in bargaining power existed as between Defendant and Plaintiffs and Class Members; Electrolux knew or should have known that its Refrigerators were defective at the time of sale and would develop the ice maker Problems before the end of their useful lives, and Plaintiffs were unfairly surprised by the time limitation upon discovering that Electrolux knew the Refrigerators have the ice maker Problems.

79. Plaintiffs' Refrigerators became unfit for their ordinary purpose of making ice and providing refrigeration within the implied warranty period because the ice maker failed to work, and the Refrigerators leaked causing damage to other parts of the Refrigerator and Plaintiffs' houses.

80. Plaintiffs and the other Class members have been damaged as described herein as a direct and proximate result of the failure of Electrolux to honor its implied warranty as Plaintiffs and Class members would not have purchased the Refrigerators or would have paid less for them had they known about the Defect and the ice maker Problems.

WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

**FIFTH CAUSE OF ACTION**

**BREACH OF EXPRESS WARRANTIES**

81. Plaintiffs reallege the preceding paragraphs as if fully set forth herein and, to the extent necessary, plead this cause of action in the alternative.

82. Plaintiffs seek to recover for the Class based on Electrolux's breach of express warranty under the Song-Beverly Consumer Warranty Act and common law.

83. Electrolux warranted that all Refrigerators were free from defects in material or workmanship, and further warranted that the Refrigerators would produce ice by affirmation of fact.

84. Furthermore, Electrolux's warranty provides that within the one year warranty it provides, it will "repair or replace any parts of this appliance that prove to be defective".

**CLASS ACTION COMPLAINT**

1  Plaintiffs' Refrigerators contained the Defect at the time of purchase and despite often multiple
2  repair visits by Electrolux and/or its authorized retailers, the Defect is not fixed and the
3  Refrigerators continue to experience ice maker Problems.

4      85.    These warranties became part of the basis of the bargains between Plaintiffs and
5  Electrolux.

6      86.    Defendant has breached these express warranties, as the Refrigerators are
7  defective and have ice maker Problems, fail to produce ice and are prone to leaking.

8      87.    Despite receiving numerous complaints and other notices from its customers
9  advising it of Class members experiencing ice maker Problems, Electrolux refuses to honor its
10 warranties, even though it knows that the Defect existed in the Refrigerators which cause the ice
11 maker Problems and which cause consumers to expend resources in an attempt to repair or
12 replace the Refrigerators and to repair damage to the surrounding structures/substructures.

13     88.    Electrolux's waiver and/or limits on express warranties are unconscionable,
14 unenforceable, and/or illegal.  Plaintiffs had no meaningful choice in determining those time
15 limitations; the warranties were written by Electrolux without input from Plaintiffs; the Warranty
16 overwhelmingly favors Electrolux by unreasonably limiting the warranty to one year on a
17 product that could reasonably be expected to last ten or more years; a gross disparity in
18 bargaining power existed as between Electrolux and Plaintiffs and Class members; Electrolux
19 knew or should have known that its Refrigerators were defective at the time of sale and would
20 develop ice maker Problems before the end of their useful lives, and Plaintiffs were unfairly
21 surprised by the time limitation upon discovering that Electrolux knew the Refrigerators have the
22 ice maker Problems.

23     89.    As a direct and proximate result of Defendant's breach of express warranties,
24 Plaintiffs have sustained damages and other losses in an amount to be determined at trial.
25 Plaintiffs are entitled to recover damages, costs, attorneys' fees, rescission, and other relief as
26 provided by statute or deemed appropriate by the Court.

27     WHEREFORE, Plaintiffs and the Class pray for relief as set forth below.

28

**CLASS ACTION COMPLAINT**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs and members of the Class request that the Court enter an order or judgment against the Electrolux as follows:

1.     Finding that this action satisfies the prerequisites for maintenance as a class action set forth in Fed. R. Civ. P. 23(a), (b)(1), (b)(2), and (b)(3), and certification of the proposed class and notice thereto to be paid by Electrolux;

2.     Designating Plaintiffs as representative of the Class and their counsel as Class counsel;

3.     Awarding Plaintiffs and the Class their individual damages and attorneys' fees and allowing costs, including interest thereon; and/or restitution and equitable relief.

4.     Entering an injunction ordering Electrolux to cease and desist from engaging in the unfair, unlawful, and/or fraudulent practices alleged in the Complaint;

5.     Compelling Electrolux to establish a program to provide Plaintiffs and the Class repairs and/or replacements for their Refrigerators;

6.     For special damages according to proof on certain causes of action;

7.     For both pre and post-judgment interest at the maximum allowable rate on any amounts awarded; and

8.     Any and all such other and further relief that this Court may deem just and proper.


DATED: August 27, 2013          **SEEGER WEISS LLP**


By: /s/ Jonathan Shub
     Jonathan Shub (SBN 237708)
     1515 Market St, Suite 1380
     Philadelphia, PA 19102
     Telephone: (215) 564-2300
     Facsimile: (215) 851-8029
     jshub@seegerweiss.com

     **-and-**

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**COMPLEX LITIGATION GROUP LLC**
*(Pro Hac Vice Forthcoming)*
Jamie Weiss
Jeffrey A. Leon
513 Central Avenue, Suite 300
Highland Park, Illinois 60035
Telephone: (847) 433-4500
Facsimile: (847) 433-2500
jamie@complexlitgroup.com

*Counsel for Plaintiffs and the Class*

— 22 —
**CLASS ACTION COMPLAINT**

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a trial by jury in the instant action.


DATED:  August 27, 2013                    **SEEGER WEISS LLP**


                                           By: /s/ Jonathan Shub
                                                Jonathan Shub

                                           *Counsel for Plaintiffs and the class*

**CLASS ACTION COMPLAINT**