UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY PERLONGO and ERIC P. FRANK, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ELECTROLUX HOME PRODUCTS INCORPORATED,<br><br>Defendant. | Case No. 3:13-cv-03961-NC<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER TRANSFERRING ACTION TO THE DISTRICT OF NEW JERSEY PURSUANT TO THE FIRST-TO-FILE RULE AND 28 U.S.C. § 1404(a)** |

Plaintiffs Anthony Perlongo and Eric P. Frank ("Plaintiffs") and Defendant Electrolux Home Products, Inc. ("Defendant") (collectively "Parties"), by and through counsel, hereby stipulate that the Court may, and request that it do, (1) transfer this putative class action to the District of New Jersey so that the Parties may seek coordinated or consolidated proceedings with three related putative class actions pending there, and (2) extend the time for Defendant's response until after Plaintiffs file an anticipated Amended Complaint at the expiration of the demand process under the California Consumers Legal Remedies Act ("CLRA").

As support and background for this Stipulation, the Parties agree as follows:

1.  On June 1, 2012, <u>Mariusz Kuzian v. Electrolux Home Products, Inc.</u>, Case No. 1:12-cv-03341-NLH-AMD, (the "Kuzian Action") was filed in the United States District Court for the District of New Jersey, and an amended complaint was filed on June 14, 2012. The Kuzian Action, asserting claims under New Jersey law, prays for certification of a nationwide class of purchasers of certain of Defendant's refrigerator products, alleging defects in the ice makers contained in those products.

2.  On May 14, 2012, <u>Christopher Lopiccolo v. Electrolux Home Products, Inc.</u>, Case No. 2:12-cv-02397-ADS-ARL, (the "Lopiccolo Action") was filed in the United States District Court for the Eastern District of New York. The Lopiccolo Action, asserting claims under New York law, prayed for certification of a nationwide class of purchasers of certain of Defendant's refrigerator products, alleging defects in the ice makers contained in those products.

3.  On June 27, 2012, the Lopiccolo Action was transferred from the Eastern District of New York to the District of New Jersey pursuant to a Joint Stipulation and Consent Order dated June 22, 2012.

4.  On July 11, 2012, the Honorable Noel L. Hillman of the District of New Jersey entered an order consolidating the Kuzian and Lopiccolo Actions for the purposes of discovery and case management and ordering that the consolidated action proceed under the case number for the Kuzian Action, Case No. 1:12-cv-03341-NLH-AMD.

5.  On September 25, 2012, the plaintiffs in the Lopiccolo Action filed an amended complaint to add the claims of a new putative class representative, Irma Lederer, and then dismissed the claims of the prior putative class representative, Christopher LoPiccolo. This amended action (the "Lederer Action"), asserting claims under New York law, prays for certification of a New York class of purchasers of certain of Defendant's refrigerator products, alleging defects in the ice makers contained in those products.

6.  On January 16, 2013, <u>Robert Bovero v. Electrolux Home Products, Inc.</u>, Case No. 2:13-cv-00087-WBS-AC, (the "Bovero Action") was filed in the Eastern District of California, and a First Amended Complaint was filed on February 28, 2013. The Bovero Action, asserting claims under California law, prays for certification of a California class of purchasers of certain of

1  Defendant's refrigerator products, alleging defects in the ice makers contained in those products.

2      7. By order dated March 29, 2013 and filed April 1, 2013, the Honorable William B. Shubb
3  of the Eastern District of California transferred the Bovero Action to the District of New Jersey so
4  that the parties could seek coordination/consolidation with the Kuzian and Lederer Actions.

5      8. On May 7, 2013, Judge Hillman entered an order consolidating the Bovero Action with
6  the Kuzian and Lederer Actions for the purposes of discovery and case management and ordering
7  that the consolidated action proceed under the case number for the Kuzian Action, Case No. 1:12-
8  cv-03341-NLH-AMD.

9      9. On August 27, 2013, <u>Anthony Perlongo v. Electrolux Home Products, Inc.</u>, Case No.
10 3:13-cv-03961-NC, (the "Perlongo Action" or "this action") was filed in the Northern District of
11 California. The Perlongo Action, asserting claims under California law, prays for certification of
12 a California class of purchasers of certain of Defendant's refrigerator products, alleging defects in
13 the ice makers contained in those products.

14     10. The Parties agree that the Kuzian, Lederer, and Bovero Actions were filed before the
15 Perlongo Action, and that the various actions are expected to involve overlapping or substantially
16 similar factual and legal issues.

17     11. The Parties further agree that both the Bovero and Perlongo Actions allege claims under
18 California law and seek certification of a California class.

19     12. The Parties further agree that the Perlongo Action might have been brought in the District
20 of New Jersey and that transferring this action to that court would promote the convenience of the
21 parties, the convenience of the witnesses, and the interests of justice.

22     13. Defendant's primary place of business, where many of its witnesses and documents
23 would be located, is in Charlotte, North Carolina, which is closer to the District of New Jersey
24 than to this Court.

25     14. Whether or not this action is transferred, Plaintiffs herein intend to file an Amended
26 Complaint after the expiration of the CLRA demand process.

27     15. Plaintiffs agree that Defendant need not respond to the Complaint until after Plaintiffs file
28 their Amended Complaint.

STIPULATION AND [~~PROPOSED~~] ORDER
TRANSFERRING ACTION TO D.N.J.     - 3 -
Case No. 3:13-cv-03961-NC                         27910\3875950.1

ACCORDINGLY, THE PARTIES HEREBY AGREE AND STIPULATE THAT:

1. Pursuant to the first-to-file rule and 28 U.S.C. § 1404(a), the Parties jointly request transfer of this action to the District of New Jersey so that the parties may seek coordinated or consolidated proceedings with the Kuzian, Lederer, and Bovero Actions pending there; and

2. Defendant need not respond to Plaintiffs' Complaint until after Plaintiffs file their Amended Complaint.

IT IS SO STIPULATED.

Dated: September 20, 2013            FARELLA BRAUN + MARTEL LLP

By: /s/ C. Brandon Wisoff
      C. Brandon Wisoff

Attorneys for Defendant
ELECTROLUX HOME PRODUCTS INC.

Dated: September 20, 2013            SEEGER WEISS LLP

By: /s/ Jonathan Shub
      Jonathan Shub
      (as authorized on September 20, 2013)

Attorneys for Plaintiffs ANTHONY PERLONGO and ERIC FRANK, individually and on behalf of themselves and all others similarly situated

**ATTESTATION PURSUANT TO CIVIL L.R. 5-1**

I, Brandon Wisoff, am the ECF User whose ID and password are being used to file this Stipulation and Proposed Order. In Compliance with Civil L.R. 5-1, I hereby attest that the concurrence in the filing of this document has been obtained from each of the signatories. I

STIPULATION AND [PROPOSED] ORDER
TRANSFERRING ACTION TO D.N.J.           - 4 -
Case No. 3:13-cv-03961-NC

27910\3875950.1

1 declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 20th day of September 2013.

                         /s/C. Brandon Wisoff
                         C. Brandon Wisoff

**[PROPOSED] ORDER**

Based on the stipulation and for good cause shown,

IT IS HEREBY ORDERED:

1. Defendant need not respond to the Complaint on file herein in light of Plaintiffs' intention to file an Amended Complaint. In light of the transfer order below, the filing of any Amended Complaint and Defendant's response to any Amended Complaint shall be governed by any applicable rules or orders in the District of New Jersey;

2. Under the first-to-file rule and 28 U.S.C. 1404(a), it would be in the interests of the parties, witnesses, and justice to transfer the action to the United States District Court for the District of New Jersey so that the parties may seek coordination/consolidation with the related cases <u>Mariusz Kuzian v. Electrolux Home Products, Inc.</u>, Case No. 1:12-cv-03341-NLH-AMD, <u>Irma Lederer v. Electrolux Home Products, Inc.</u>, Case No.: 1:12-cv-03930-NLH-AMD, and <u>Robert Bovero v. Electrolux Home Products, Inc.</u>, Case No. 1:13-cv-02063-NLH-AMD. This action is thus transferred to the District of New Jersey.

IT IS SO ORDERED.

Dated: _____20_____, 2013    _____
                                                  Hon. Nathanael M. Cousins
                                                  UNITED STATES MAGISTRATE JUDGE

[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA — GRANTED — Judge Nathanael M. Cousins]